IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEMETRIUS L. SPRINGS,
    Plaintiff,

vs.                                Case No.:  3:14cv105/MCR/EMT

W.L. GIELOW, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's "Motion Requesting Court to Enter Judgement [sic] and Impose Default Against Defendants and Counselor-Reps of Record," which he characterized as an "Emergency" (doc. 18). Plaintiff alleges the court "entered judgement [sic]" on March 19 and 21, 2014, directing the Office of the General Counsel for the Florida Department of Corrections ("FDOC") to respond to Plaintiff's allegation that he is under imminent danger of serious physical injury (docs. 5, 7). Plaintiff alleges the FDOC failed to respond as of April 2, 2014, the date he filed the instant motion (doc. 18). Plaintiff requests that the court enter a default and default judgment against the FDOC, and schedule a status conference "to address sensitive matters as applicable to Plaintiff's actions" (*id.*).

        Rule 55 of the Federal Rules of Civil Procedure provides, in relevant part:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> > **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who

is neither a minor nor an incompetent person.

**(2) By the Court.** In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a), (b).

In the instant case, none of the Defendants have been served with process; therefore, none of them have failed to plead or otherwise defend. Further, the court's order directing the FDOC to file a response established a due date of fourteen (14) days from March 19, 2014 (or April 2, 2014) (*see* doc. 5). On April 1, 2014, prior to expiration of the deadline, the FDOC filed a motion for extension of time (doc. 14). The court granted the motion and extended the deadline to April 23, 2014 (doc. 15). The FDOC filed a timely response on April 23, 2014 (doc. 28).

Plaintiff has failed to demonstrate he is entitled to entry of default or default judgment against Defendants. Therefore, his motion should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Motion Requesting Court to Enter Judgement [sic] and Impose Default Against Defendants and Counselor-Reps of Record," which he characterized as an "Emergency" (doc. 18), be **DENIED**.

At Pensacola, Florida, this 8th day of May 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**