UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DEMETRIUS L. SPRINGS,**

  **Plaintiff,**

v.                                                   CASE NO. 3:14cv105/MCR/EMT

**W.L. GIELOW, et al.,**

  **Defendants.**
_____/

## O R D E R

This cause comes on for consideration upon the Chief Magistrate Judge's Report and Recommendation dated July 26, 2016, ECF No. 193.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The Court has made a *de novo* determination of the objections, ECF No. 207.  Having fully considered the Report and Recommendation, and the objections, the Court finds that the Report and Recommendation should be adopted, as modified by this Order.

The Report and Recommendation includes a recommendation for the court to exercise its inherent power to impose sanctions and impose monetary sanctions

against Springs in the amount of $3,061.45. Federal courts possess inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) (finding that courts have inherent authority to impose sanctions for litigation misconduct). Additionally, courts may assess costs and monetary sanctions against *in forma pauperis* litigants. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989). In assessing such costs, however, the court is required to consider Springs' financial circumstances and ability to pay. *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002) (per curium). And, sanctions must be "a sum that the person might actually pay." *Id.* In considering these guidelines, the court find that sanctions against Springs should be entered in the amount of $1,000.[1]  This amount is consistent with the sanctions imposed by other courts against *in forma pauperis* plaintiffs. *See e.g., Moon*, 863 F.2d at 838 (plaintiff ordered to pay $909.72); *Cotner v. Hopkins*, 795 F.2d 900, 903 (imposition of $1,000 fine on inmate litigant not presumptively objectionable); *Anderson v. Dawson*, No. 4:09CV134-RH/WCS, 2011 WL 1499226, at *6 (N.D. Fla. Mar. 9, 2011) (plaintiff ordered to pay $995.00).

---

[1]This modification should not be interpreted to mean the Plaintiff's conduct does not warrant imposition of sanctions totaling $3,061.45. The court, however, is required to consider Springs' ability to pay.

Accordingly, it is now **ORDERED** as follows:

1. The chief magistrate judge's Report and Recommendation is adopted, as modified and incorporated by reference in this Order.

2. The FDOC's Motion for Sanctions in the Form of Fees and Costs, ECF No. 125, is **DENIED** as untimely.

3. The court shall impose sanctions upon Plaintiff Springs, pursuant to its inherent power, in the amount of $1,000.00, because his entire course of conduct from the commencement of this lawsuit through the evidentiary hearing in this matter on June 23 and 24, 2014, evidences bad faith and an attempt to perpetrate a fraud on the court; and that said sanctions be paid to the FDOC for its fees and costs expended in preparing for and participating in the evidentiary hearing.

4. All pending motions are **DENIED as moot**.

**DONE AND ORDERED** this 18th day of October, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**